# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Bryan A Bookman,

        Petitioner,

v.

Charles L Ryan, et al.,

        Respondents.

No. CV-17-00075-PHX-GMS (ESW)

**REPORT AND RECOMMENDATION**

**TO THE HON. G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:**

On January 9, 2017, Arizona state prisoner Bryan A. Bookman ("Petitioner") filed a "Petition Under 28 U.S.C. § 2254 for A Writ of Habeas Corpus" (the "Petition") (Doc. 1). In the single ground for relief, Petitioner alleges that his prison release date was miscalculated. (*Id.* at 6). The Petition requests the Court to "order the unconditional release of Petitioner from his confinement." (*Id.* at 9). The Court required Respondents to answer the Petition. (Doc. 4).

In their May 23, 2017 Limited Answer, Respondents argue that this action will be rendered moot upon Petitioner's release from prison. (Doc. 11 at 12-15). The Arizona Department of Corrections' inmate database indicates that Petitioner was released on June 3, 2017. Petitioner has not filed a Notice of Change of Address as required by the Court. (*Id.* at 2) (citing LRCiv 83.3(d)). On January 22, 2018, the Court ordered the Petitioner to show cause no later than February 6, 2018 why his case should not be

dismissed (i) on mootness ground and (ii) for Petitioner's failure to file a Notice of Change of Address (Doc. 12 at 2). As of the date of this Report and Recommendation, Petitioner has not filed a response to the Court's Order or a Notice of Change of Address.

## II. DISCUSSION

Petitioner has the general duty to prosecute this case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). The Ninth Circuit Court of Appeals has rejected the "suggestion that [it] impose upon the district court an affirmative obligation to call the jailhouse to inquire into [an incarcerated litigant's] whereabouts prior to dismissing his lawsuit . . . ." *Id.* Petitioner's failure to keep the Court informed of his new address constitutes failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts

- 2 -

against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Petitioner's failure to keep the Court informed of his current address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court could dismiss the case without prejudice.

In this case, the undersigned finds that a dismissal with prejudice would not be unnecessarily harsh as the case is now moot. That Petitioner is no longer in custody is undisputed, and the sole issue presented in his Petition is the length of his incarceration. Petitioner does not attack his underlying convictions. A case that does not satisfy the case or controversy requirement is moot. *See* U.S. Const. art III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Because Petitioner's claim for relief (immediate release from prison) "cannot be 'redressed by a favorable decision' of the court issuing a writ of habeas corpus," the Petition is now moot. *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting *Spencer*, 523 U.S. at 7).

As Petitioner does not challenge his underlying convictions, he has failed to show that he will suffer some collateral legal consequences. *See Carafas v. LaVallee*, 391 U.S.

234 (1968). Collateral consequences may not be presumed in cases where the only challenge presented in the Petition is the length of the sentence served. *Spencer*, 523 U.S. at 7-8. Petitioner bears this burden of proof, and he has failed to meet the burden. *Id.*; see *also United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999)). The undersigned therefore will recommend dismissal of this case with prejudice.

## II. CONCLUSION

For the above reasons,

**IT IS RECOMMENDED** that the Court dismiss the Petition (Doc. 1) with prejudice because (i) no case or controversy exists and (ii) Petitioner has failed to prosecute his case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 9th day of February, 2018.

_____

Eileen S. Willett
United States Magistrate Judge

- 4 -